UNIFORMED SANITATION MEN AS-
SOCIATION, Inc., et al, Plaintiffs,

v.

COMMISSIONER OF SANITATION OF
the CITY OF NEW YORK, et al,
Defendants.

No. 66 CIV. 4307.

United States District Court
S. D. New York.

Aug. 12, 1968.

Rabinowitz, Boudin & Standard, New York City, for plaintiff.

J. Lee Rankin, Corp. Counsel, New York City, for defendants.

## MEMORANDUM

POLLACK, District Judge.

The Court is in effect being requested to give an advisory opinion of the constitutional validity of future acts which conceivably may never occur but which are predicted as certain by the moving parties. The defendants, however, with understandable caution, regard the future course of events as uncertain.

The plaintiffs have neither been restored to duty since their prior dismissal, formally questioned, charged or been afforded a hearing. No justiciable controversy exists at this time.

Where as here, grave constitutional issues lurk or are posed, it seems sounder to evaluate those issues from a formal record of actual fact rather than to rely on speculative assumptions on the course of future events and the nature of future occurrences. An injunction at this time would rest on a quicksand of possibilities. The threat of irreparable damage in the circumstances is not clear and not imminent. Plaintiffs seemingly have an adequate remedy at law to redress any alleged injury which they may suffer hereafter. Moreover, the prejudice to the defendants and the public interest from the grant of an injunction clearly outweighs the possible prejudice to the plaintiffs from denial of a prior restraint.

Judge Cannella's order in terms leaves it open to defendants to proceed within constitutional limits and this Court declines to stay such procedure.

The plaintiffs also seek disclosure at this time of documents prepared by the Department of Investigation in the course of its work; these are normally privileged from disclosure on sound reasons of public policy. New York City Charter §§ 1113 and 1114. See Cherkis v. Impellitteri, 307 N.Y. 132, 120 N.E.2d 530 (1954). The facts established at the present time are insufficient to override the privileged status of records and papers of the Commissioner of Investigation. Included in the papers sought by plaintiffs are wiretap data. The Court of Appeals has ruled that there was no illegality in the tap of the official phone involved. The Supreme Court did not reach that issue. The defendants have been ordered by this Court to reinstate the plaintiffs with back pay. Until new issues are framed by the facts as they actually exist when those facts can be determined, it cannot even be said that the wiretap data and other documents sought are relevant. See, Uniformed San. Men Assn., Inc. v. Commissioner, 383 F.2d 364, 369 (2d Cir.1967), rev'd. on other grounds, 392 U.S. 280, 88 S.Ct. 1917, 20 L.Ed.2d 1089 (1968).

Plaintiffs request oral examination of defendants pursuant to Rules 26 and 30 F.R.Civ.P. In the exercise of discretion, such examinations will be deferred until after the Commissioners of Sanitation and of Investigation have concluded the impending administrative matters.

The motions to reinstate plaintiffs' 1966 application for a preliminary injunction, to enjoin the Commissioner of Investigation from intercepting conversations, etc., to enjoin the defendants from conducting any investigation of the individual plaintiffs, etc., and to direct the defendants to appear for oral examination pursuant to Rules 26 and 30 and to produce documents pursuant to Rule 34 of the Federal Rules of Civil Procedure, are denied.

The motion for leave to serve a supplemental pleading to recite matters which have happened since the date of the original complaint, is granted. It is not intended thereby to pass on the validity or relevancy of such additions, taken either alone or in combination with the original complaint.

So ordered.